J-S07028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW JOSEPH BIRD | : | |
| | : | |
| Appellant | : | No. 943 MDA 2018 |

Appeal from the PCRA Order Entered May 1, 2018
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000972-2013

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: MAY 22, 2019**

Matthew Bird appeals from the order denying his Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Bird's PCRA counsel has filed a Petition to Withdraw and an **Anders**[1] brief. We affirm the order of the PCRA court and grant counsel's request to withdraw.

In September 2013, Bird was on state parole for a conviction for which the trial court had originally sentenced him approximately 1 to 7 years' imprisonment, when he was charged with six new drug-related offenses. Melissa Norton, Esquire of the Public Defender's office, represented Bird and engaged in plea negotiations on his behalf with the Commonwealth. Prior to

_____

*   Retired Senior Judge assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967).

the entry of a plea, Attorney Norton sent a letter to Bird, dated October 21, 2013, wherein she wrote:

> In response to your recent correspondence I will request that the district attorney consider recommending that your sentence on the above case run concurrent to the sentences you are now serving. However, please be aware that the Court of Common Pleas cannot, by law, run a sentence concurrent to a *state revocation sentence*. The dockets do not indicate that you are serving a revocation sentence, but the dockets are not always current and reliable sources of information. I am sure you know if you are currently serving a revocation sentence.

Attorney Norton's Letter to Bird, 10/21/13 (emphasis in original); Tr. Ct. Op., 5/1/18, at 2.

Prior to a plea, the record reflects that Bird discussed his eligibility and desire for the Recidivism Risk Reduction Incentive ("RRRI") program and Boot Camp. Guilty Plea Hearing, 11/4/13, at 2. Ultimately, Bird entered a guilty plea agreement where he agreed to plead guilty to one count of possession with intent to deliver a controlled substance, with the remaining counts to be *nolle prossed* and with his sentence to fall within the bottom section of the standard range of the Sentencing Guidelines. *Id*. Bird executed a written plea colloquy, on October 25, 2013, and on November 4, 2013, he entered his guilty plea before the trial court. During a January 13, 2014 sentencing hearing, Attorney Norton indicated that Bird was seeking eligibility for the RRRI program and for boot camp. Sentencing Hearing, 1/13/14 at 2. The trial court also inquired about whether a concurrent sentence was part of Bird's

- 2 -

plea agreement and both the Commonwealth and Attorney Norton indicated that it was not. *Id*.

Ultimately, the trial court sentenced Bird to 15 to 60 months' incarceration. *Id.* at 4. However, the court determined that Bird was eligible for boot camp and the RRRI program, thereby reducing his minimum incarceration term to slightly under a year. *Id.* The court attempted to make Bird's new sentence concurrent but to no avail because his former sentence was a state revocation sentence *Id.*[2]

Although he did not file a direct appeal, Bird filed a timely, *pro se* PCRA petition in October 2014. We note with disapproval that Bird's petition languished for some time due to a lack of action by the Public Defender's office. Finally, PCRA counsel filed a motion for a hearing in June 2016, and an initial hearing was held in October 2016. However, a full hearing was not conducted until April 30, 2018,[3] and the PCRA court finally denied Bird's petition on May 1, 2018.

Bird filed the instant timely appeal and a Pa.R.A.P. 1925(b) statement. However, in this Court, Bird's PCRA counsel filed a Petition to Withdraw as counsel as well as an *Anders* brief stating that Bird's appeal is frivolous. We

---

[2] Pursuant to 61 Pa.C.S.A. 6138(a)(5.1), when a defendant's state parole is revoked as a result of a new conviction, the defendant must serve the balance of his original term before serving a new sentence.

[3] At his PCRA hearing, Bird indicated that he is still serving parole in connection with the instant case. PCRA hearing, 4/30/18, at 10.

review the Petition to Withdraw prior to reaching the merits of Bird's claims. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007).

Counsel requesting to withdraw from PCRA representation must file a "no merit" brief that conforms to the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). *See Commonwealth v. Muzzy*, 141 A.3d 509, 510-11 (Pa.Super. 2016). A *Turner/Finley* brief must detail "the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Id.* Counsel must send the petitioner a copy of the brief, a copy of counsel's petition to withdraw, and "a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id.* at 511. If counsel fulfills these requirements, then this Court must conduct its own review of the case, and, if the claims are without merit, permit counsel to withdraw. *Id.*

Here, the brief that PCRA counsel filed is styled as an *Anders* brief, which is proper in a direct appeal, rather than a *Turner/Finley* brief. However, because an *Anders* brief, which alleges that the issues are frivolous, rather than meritless, affords greater protection to a defendant, we may accept an *Anders* brief in lieu of a *Turner/Finley* brief. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).

The instant *Anders* brief details PCRA counsel's review of the case, describes the issues Bird desires to raise on appeal, and explains why counsel

believes those issues are frivolous (which presupposes that the issues are meritless); thus, it meets the **Turner/Finley** requirements. Furthermore, PCRA counsel has filed a copy of a letter he sent to Bird wherein he explains that he finds Bird's issues lack merit but advised him that he could proceed *pro se*, or "hire an attorney at your own expense," to file a brief on his behalf. Letter to Bird, dated January 16, 2019. PCRA counsel indicated that he attached a copy of his **Anders** brief and Petition to Withdraw to the letter. **Id.** As counsel has met the preliminary, procedural requirements of **Turner/Finley**, we turn to whether our review indicates that Bird's issues have merit.

In his **Anders** brief, PCRA counsel identifies two issues for appeal: (1) "Whether counsel for [Bird] at the time of the entry of the plea was ineffective in failing to advise him that his negotiated sentence could not be served concurrently with his state revocation sentence? and (2) Whether the [PCRA] court erred in determining that [Bird's] plea was not unlawfully induced when [Bird] entered a plea with the erroneous but good faith expectation that his sentence would be served concurrently with his state parole sentence?" **Anders** brief at 7.[4]

We begin by noting that, our review of a denial of PCRA relief "is limited to the findings of the PCRA court and the evidence of record, viewed in the

_____

[4] At his PCRA hearing, Bird indicated that he was surprised to learn, upon his incarceration, that he would have to serve "a two year back hit" in connection with the revocation of his state parole. PCRA hearing at 10.

- 5 -

light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Medina***, 92 A.3d 1210, 1214 (Pa.Super. 2014) (*en banc*). We are bound by any credibility determinations made by the PCRA court and supported by the record, but apply a *de novo* standard of review to the PCRA court's legal conclusions. ***Id.*** at 1214-15.

Ineffective assistance is a cognizable claim under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(ii). "Counsel is presumed effective, and [a petitioner] has the burden of proving otherwise." ***Commonwealth v. Brown***, 161 A.3d 960, 965 (Pa.Super. 2017). To overcome this presumption, a petitioner must plead and prove that: "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness." ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011). Failing to satisfy even one of these factors requires this Court to reject the claim. ***Commonwealth v. Dennis***, 950 A.2d 945, 954 (Pa. 2008).

Where a defendant enters a guilty plea on advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Commonwealth v. Wah***, 42 A.3d 335, 338-39 (Pa.Super. 2012). Further, a defendant's lack of understanding of the collateral consequences of a guilty plea does not render such plea involuntary unless counsel provided false or misleading advice. ***Commonwealth v. Brandt***, 74 A.3d 185, 195-97 (Pa.Super. 2013).

- 6 -

In the case *sub judice*, the crux of both of Bird's potential issues lies in his contention that his trial counsel, Attorney Norton, improperly led him to believe that the trial court could impose a sentence to be served concurrently with the state parole he was then serving. However, as noted above, Attorney Norton clearly informed Bird, in writing, that a state revocation sentence could not be served concurrently with his new sentence. Thus, there is no arguable merit to the claim that trial counsel was ineffective for failing to impart this information to Bird. Therefore, Bird's claim that his guilty plea was involuntary due to the ineffective assistance of his trial counsel must fail. ***See Wah***, 42 A.3d at 338-39; ***Brandt***, 74 A.3d at 195-97.

Likewise, Bird's claim that he entered a plea only in anticipation of a concurrent sentence is also belied by the record because the terms of his written guilty plea colloquy did not contain any mention of a concurrent sentence, nor did Bird's trial counsel require as much during Bird's sentencing hearing. Thus, Bird's second issue also does not merit relief.

Further, our own review of the record has uncovered no other meritorious issues for appeal. Accordingly, we affirm the order of the PCRA court and grant PCRA counsel's Petition to Withdraw.

Order affirmed. Petition to Withdraw Granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2019